1   STEVEN I HOCHFELSEN, ESQ (Bar No. 129491)
    steve@hockani.com
2   DAVID W. KANI, ESQ. (Bar No. 243032)
    dkani@hockani.com
3   **HOCHFELSEN & KANI, LLP**
    895 Dove St., Suite 300
4   Newport Beach, California 92660
5   Telephone: (714) 907-0697

6   BRIAN H. MAHANY, ESQ (*pro hac vice forthcoming*)
    brian@mahanylaw.com
7   **MAHANY LAW**
8   8112 W. Bluemound Road
    P.O. Box 511328
9   Milwaukee, Wisconsin 53203

10
    Attorneys for Plaintiff
11  ROBERT FELTER

12

13                  **UNITED STATES DISTRICT COURT**

14                **NORTHERN DISTRICT OF CALIFORNIA**

15

16  ROBERT FELTER, on his own behalf and on
    behalf of all others similarly situated,
17
                                                        1. **BREACH OF CONTRACT AND**
18              Plaintiff,                                  **WARRANTY**
    vs.                                                 2. **VIOLATION OF CALIFORNIA**
19                                                         **CONSUMER LEGAL REMEDIES**
                                                           **ACT, CIVIL CODE § 1750,** *et seq.*
20  DELL TECHNOLOGIES, INC., a Texas
    Corporation, and DOES 1-10 inclusive,              3. **UNLAWFUL AND UNFAIR**
21                                                         **BUSINESS PRACTICES,**
                                                           **CALIFORNIA CIVIL CODE §**
22              Defendants.                                **17200,** *et seq.*
                                                        4. **FALSE ADVERTISING,**
23                                                         **CALIFORNIA CIVIL CODE §**
                                                           **17500,** *et seq.*
24

25

26

27

28

                                   - 1 -

                        **CLASS ACTION COMPLAINT**

Plaintiff Robert Felter, individually and on behalf of all others similarly situated, complains and alleges, by and through his attorneys, upon personal knowledge and information and belief, as follows:

## NATURE OF THE ACTION

1.      This Complaint is necessary to redress the greed of Defendant, Dell Technologies ("Dell"), practiced to the detriment of its consumers.  Dell intentionally misled and deceived the public in order to create a competitive advantage based on false representation to boost sales of its flagship gaming laptop, the Alienware Area 51M R1 ("Area 51M R1"), in the intensely competitive gaming laptop market segment.

2.      It did so by affirmatively and falsely misrepresenting characteristics and qualities of the Area 51M R1 that it knew did not exist, to lure unsuspecting customers to pay a higher price for the Area 51M R1 than it merited without the represented qualities and characteristics, and to choose the Area 51M R1 over other competing products, which might have been chosen had Dell accurately, and truthfully described the quality and characteristics of the Area 51M R1.

3.      Most prominently, Dell falsely advertised to consumers that the Area 51M R1's core hardware components, its Central Processing Unit ("CPU"), and its Graphics Processing Unit ("GPU") (CPU and GPU are at times collectively referred to as "Core Components"), were fully upgradeable to future Intel CPUs and NVIDIA GPUs.

4.      Core Components across different brands of gaming laptops are virtually identical with all manufacturers offering the same Intel CPUs and the same NVIDIA GPUs. For this reason, manufacturers are forced to differentiate and market their products based on other criteria such as price, aesthetics, and/or other unique features.

CLASS ACTION COMPLAINT

5.      Core Components act as the central and graphics engines of a computer and are responsible for gaming performance. Unlike desktop computers, laptops have traditionally been built with permanently affixed CPUs and GPUs, making them impossible to remove and thus to upgrade. As a result, consumers are unable to swap their laptop's existing Core Components for faster, more powerful, next generation CPUs and GPUs. Rather, consumers must purchase an entirely new laptop when seeking an upgrade to next generation Core Components powerful enough to play the latest, and more technologically demanding, computer games.  This quality, in particular, limits the usable life, and consequently, the market value of gaming laptops.  Dell's representation that the Area 51M had "unprecedented upgradeability" appeared to remove this limitation on product life and market value.

6.      To the gaming consumer, this "unprecedented upgradeability" as Dell described it, i.e. a laptop that is upgradeable like a desktop, is the elusive holy grail of mobile computing. Dell went as far as to call the Area 51M a "mobile desktop" to further cement its alleged material capability that the Area 51M is upgradeable in the same way a desktop is upgradeable.

7.      The Area 51M was released in Summer of 2019, about a year before the end of the life cycle of its Core Component offerings. NVIDIA was set to release, and did release, its updated, more powerful, mobile GPUs, the RTX 2060 *SUPER*, RTX 2070 *SUPER* and RTX 2080 *SUPER* in or about June 2020, and its highly anticipated next generation GPUs, the RTX 3000 series in the fall of 2020, which it released in September 2020. Additionally, INTEL was set to release its 10th generation CPUs in or about the second quarter of 2020. As such, without the represented "unprecedented upgradeability," consumers had little incentive to purchase the Area 51M, which cost upwards of $5000 when fully optioned, knowing that its Core Components would become outdated in less than one year.

- 3 -

**CLASS ACTION COMPLAINT**

8.     Dell released the Area 51M R1 near the end of the life cycle of its CPU and GPU. As such, Dell knew it had to address consumers' hesitation to purchase the Area 51M R1 shortly before its Core Components became outdated. To that end, Dell represented that the Area 51M's Core Components were upgradeable, thereby addressing any hesitation or apprehension consumers had regarding its soon to be outdated Core Components.

9.     In reality, the Area 51M R1's Core Components were *not* upgradeable. Dell has admitted that. Dell falsely told consumers that the Area 51M R1's Core Components were upgradeable to motivate buyers unwilling to purchase a gaming laptop near the end of its Core Components' generational life cycle and to create a significant (though false) competitive advantage against other gaming laptop manufacturers, as no other company offered a laptop with such capability at the time the Area 51M R1went on sale.

10.     Plaintiffs therefore seek restitution from Dell for violation of the False Advertising Law and Unfair Competition Law, damages for fraudulent misrepresentation, and injunctive relief pursuant to the Consumers Legal Remedies Act.

## PLAINTIFFS

11.     Plaintiff Robert Felter ("Plaintiff") is an individual residing in the state of California and the County of San Francisco. Plaintiff purchased an Area 51M R1 for approximately $2700.00, in or about July 1, 2020.

12.     On personal knowledge, Plaintiffs purchased the Area 51M R1 for personal use and entertainment, and not for resale or distribution.

13.     Plaintiffs decided to purchase the Area 51M R1 after viewing Defendant's advertisements and promotional material online, including on Defendant's own website, which represented that the laptop's Core Components were upgradeable.

14.     The represented upgradeability of the Area 51M's Core Components to future Core Components was a material factor in Plaintiff's decision to purchase the unit.

15.     On or about June 2020, NVIDIA upgraded its RTX 2000 series GPUs to the RTX SUPER 2000 in the form of the RTX 2060 SUPER, RTX 2070 SUPER, and RTX 2080 SUPER. In the second quarter of 2020, INTEL released its upgraded CPUs in the form of the INTEL 10th generation CPU.

16.     Or about June 12, 2020, Dell released the Alienware Area 51M *R2* which carried the new INTEL 10th generation CPU and the new NVIDIA RTX SUPER 2000 series.

17.     After his purchase, Plaintiff later inquired about upgrading his Area 51M's Core Components but learned that, contrary to Dell's repeated promises that the Area 51M is upgradeable, none of the Area 51M's Core Components were, in fact, upgradeable in any way. The Area 51M's CPU was not upgradeable to the new INTEL 10th generation CPU, nor was its GPU upgradeable to the new NVIDIA RTX SUPER 2000 series.  In fact, the only way Plaintiff could own a laptop with these newly released upgraded Core Components was to spend several thousand dollars more than what an upgrade would cost to purchase the then-newly released Alienware Area 51M R2 or a similarly equipped laptop from another manufacturer.

**DEFENDANT**

18.     Alienware is a wholly owned subsidiary of the Dell Technologies conglomerate, a multinational computer technology company headquartered in Round Rock, Texas, that develops, sells, repairs and supports computers and related products. Dell maintains a number of offices in California, including in Irvine, and in Santa Clara.

CLASS ACTION COMPLAINT

19.     Dell purchased Alienware in 2006 to gain a foothold in the computer gaming market segment and retains control over its operations, design, manufacturing, sales, and marketing of its products, including the Area 51M R1. Dell also distributes Alienware products, to purchasers, resellers, and distributors in California, as well as throughout the country. Dell sells the Area 51M R1 on its website as well as various traditional and online retail outlets. Dell's gaming related products generated approximately $3 Billion in sales in 2019.

20.     Each reference made in this Complaint to any corporate Defendant includes its predecessors, successors, parents, subsidiaries, affiliates, and divisions of the corporation for the corresponding time period in any way involved in the design, manufacture, promotion, distribution and/or sale of the Area 51M R1.

21.     The true and precise names and capacities of Doe Defendants 1-20, inclusive, are unknown to Plaintiff at this time, and therefore are designated and named as Defendant under fictitious names.  Plaintiff will amend this complaint when and if Plaintiff identifies their true identities and involvement in the wrongdoing alleged herein.  Plaintiff is informed, believes, and alleges thereon that, at all times mentioned herein, each fictitiously named Defendant is responsible in some manner or capacity for the occurrences alleged herein, and that the damages, as alleged herein, were proximately caused by Doe Defendants.

22.     Plaintiff is informed, believes, and alleges thereon, that at all times mentioned here, each of the Defendants was the agent, representative, and/or employee of each of the other Defendants. Moreover, that, in the conduct hereafter alleged, each of the Defendants was acting within the course and scope of such alternative personality, capacity, identify, agency, representation, and/or employment and was within the scope of their authority, whether actual or apparent.

**CLASS ACTION COMPLAINT**

23.     Plaintiff is informed believes and alleges thereon that, at all times mentioned herein, the Defendants were the trustees, partners, servant, joint ventures, shareholders, contractors, and/or employees of the other, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each of the other or that said conduct was thereafter ratified by each of the other, and that each of them are jointly and severally liability to Plaintiff.

24.     Each reference in this complaint to any corporate Defendant includes its predecessors, successors, parents, subsidiaries, affiliates, and divisions of the corporation for the corresponding time period in any way involved in the design, manufacture, promotion, distribution and/or sale of the Area 51M R1.

**JURISDICTION AND VENUE**

25.     This Court has subject matter jurisdiction over this action pursuant to the Class Act Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs allege and believe this action occurs under the laws of the United States, and that there are:  (i) 100 or more class members; (ii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (iii) at least one member of the plaintiff class is from a different state than the Defendant.

26.     This court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

27.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant maintain substantial operations in this District, Class members either reside or engaged in business transitions with Defendant in this District, Defendant engaged in business and made representations in this District, and a substantial party of the events or omissions giving rise to Plaintiff's claims occurred in this District.

28.     This Court has personal jurisdiction over Defendants because Defendants are registered and authorized to conduct business in the State of California, and Defendants conduct business in the State of California by selling and/or distributing various consumer electronics, including but not limited to the Area 51M R1, within this District and throughout the State of California.

29.     At no time prior to Plaintiffs' purchase did Dell disclose to Plaintiffs that the Area 51M R1's Core Components were, in fact, not upgradeable and that consumers would have to purchase an entire new laptop when NVIDIA and Intel released their next GPUs and CPUs respectively.

## GENERAL ALLEGATIONS

30.     Dell announced the Area 51M R1 in summer of 2019 as its flagship gaming laptop and focused its marketing campaign on showcasing a new and purportedly revolutionary proprietary modular design which allowed it to carry a desktop grade NVIDIA GPU and a newly designed desktop style INTEL CPU socket which allowed it to carry a full strength, removable desktop CPU.

31.     As part of Dell's marketing scheme for the Area 51M R1, Dell, uniformly and explicitly, told consumers that this unique modular design and the desktop style CPU socket, which allowed Core Components to be easily removed and not be permanently affixed directly to the motherboard of the laptop itself as laptop Core Components traditionally had been, provided the mechanism which allowed the Area 51M R1 to be upgraded with future Core Component offerings from NVIDIA and INTEL without having to replace the entire laptop. Defendant's marketing of the Area 51M R1 was intended to and did create a reasonable expectation among

**CLASS ACTION COMPLAINT**

buyers that the Area 51M R1 would, in fact, conform with such specifications and be upgradeable.

32.     Dell's representations of the upgradability of the Area 51M R1 also extended to units that were equipped with the fasted, most advanced Core Components available to the market, thus creating a reasonable expectation with consumers that the upgradability of the Area 51M R1 extended to yet to be released INTEL CPUs and NVIDIA GPUs, and did in fact create such expectations with consumers.

33.     Defendant's material representations regarding the upgradeability of the Area 51M R1's Core Components were categorically false. Dell itself has since admitted that the Area 51M R1's Core Components are not upgradable.

34.     Defendant intentionally omitted disclosing material facts to the public to conceal the fact that the Area 51M R1's Core Components were not upgradeable to future versions of Intel CPUs and NVIDIA GPUs. Consumers were misled by Dell's false and misleading marketing campaign and paid a significant premium for the Area 51M R1 under the incorrect belief that this "unprecedented upgradeability" would save them money in the long run by allowing them to upgrade their laptop's Core Components rather than having to purchase an entirely new upgraded laptop.  Indeed, some paid approximately $5,000 for the Area 51M R1, specifically relying on Dell's material representations that it was upgradeable.

35.     The above described "unprecedented upgradeability" were material statements to Plaintiff and to the presumptive members of the Class. The rapid advancements to CPU and GPU technology render gaming laptops obsolete in two to three years. Computer game developers are quick to take advantage of the newest and latest graphical capabilities of new generation GPUs and the processing power of new CPUs to create visually compelling titles, which older chipsets

CLASS ACTION COMPLAINT

are unable to run at playable framerates.  Dell's promise of upgradeability meant that Area 51M R1 owners could extend the life of their devices by upgrading Core Components rather than by purchasing a new laptop.

36.     Dell knew or should have known that the Area 51M R1 was not and could not be upgraded.  Dell works closely with NVIDIA and INTEL and is provided detailed design specifications for their chipsets well in advance of their release so that it can design, build, and manufacture laptops that are compatible with these chipsets.  Yet, despite being in possession of such designs, and with the full knowledge that the design of the Area 51M R1 could not accommodate future NVIDIA and INTEL chipsets, Dell launched a global campaign to mislead the public that the Area 51M R1 was upgradeable.

37.     Plaintiff and the presumptive Class members were exposed to Dell's false and misleading marketing campaign for the Area 51M R1, as alleged herein, and purchased at least one unit in response thereto. Plaintiff and the presumptive Class were sold a laptop that does not comport, perform, or have the capabilities or characteristics Dell advertised it to possess, thus they have not received the benefit of their bargain.  Plaintiff and the purported Class members who purchased the Area 51M R1 that supposedly was upgradeable to later generation INTEL CPUs and NVIDIA GPUs, must now pay a significant premium to obtain a computer using the later generation INTEL CPUs and NVIDIA GPUs, and thus have sustained an injury in fact or have suffered damages as a result of Dell's false and misleading advertising campaign, as they did not receive a product with the characteristics for which they paid.

38.     Plaintiff and/or the presumptive Class members he seeks to represent suffered damages, injury and/or loss of money or property as a result of Dell's conduct as alleged herein. Plaintiff thus seeks damages, injunctive relief, equitable relief, attorney's fees and costs and all

1  other relief as permitted by law on behalf of themselves and all others similarly situated as

2  applicable to the causes of action set forth herein.

3

4  **CLASS ALLEGATIONS**

5       39.     The class claims all derive directly from a single course of conduct by Defendants:

6  their systematic and uniform refusal to provide upgrades to the Core Components as advertised

7  and marketed to Plaintiffs and members of the putative class.

8       40.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2) and/or

9  23(b)(3), as well as (23(c)(4), of the Federal Rules of Civil Procedure, individually and on behalf

10 of all others similarly situated.   This action satisfies the numerosity, commonality, typicality,

11 adequacy, predominance, and superiority requirements of those provisions.

12

13      41.     Plaintiff seeks to bring this action on behalf of himself and all other similarly

14 situated as members of both a regional class and California state class. Those Classes are defined

15 below.

16      42.     Regional Class

17

18           All individuals residing in the States of Alaska, Arizona, California, Hawaii, Idaho,

19           Montana, Nevada, Oregon, and Washington who purchased a Dell Alienware Area

20           51M R1 gaming laptop at retail for personal use and entertainment and not for

21           purposes of resale and/or distribution since the release of the Area 51M R1 in 2019.

22           This class is referred to as the "Regional Class."

23

24      43.     California Subclass

25           All individuals residing in the State of California who purchased a Dell Alienware

26           Area 51M R1 gaming laptop at retail for personal use and entertainment and not

27           for purposes of resale and/or distribution since the release of the Area 51M R1 in

28           2019. This class is referred to as the "California Subclass."

**CLASS ACTION COMPLAINT**

1

2       44.     Unless otherwise specified, the Regional Class and California Subclass are

3  referred to collectively as the "Class".

4
5       45.     Plaintiff reserves the right to amend the Class definitions and to seek recovery on

6  behalf of additional persons as warranted as additional facts are learned in further investigation

   and discovery.

7       46.     The following are excluded from the proposed Classes: (1) Defendant and their

8  officers, directors, employees; (2) the legal representatives, successors or assigns of any such

9
   excluded person; (3) class counsel and their employees and immediate family members; (4)

10
11 persons whose claims against Defendant have otherwise been fully and finally adjudicated and/or

12 released.

13      47.     This action has been brought and may properly be maintained on behalf of the

14 Class as proposed herein under the numerosity, commonality, typicality, adequacy,

15
   predominance, and/or superiority criteria of Rule 23 of the Federal Rules of Civil Procedure.

16
17      48.     This action satisfies the requirements of Fed R. Civ. P. 23(a)(1).  The Class is

18 sufficiently numerous such that individual joinder of all members is impracticable. The exact

19
   size of the Class is unknown and not available to Plaintiff at this time; however, Plaintiff

20
21 believes that the Class includes thousands of individuals.

22      49.     This action satisfies the requirements of Fed R. Civ. P. 23(a)(2) and 23(b)(3)

23 because this action involves many common questions of law and fact which predominate over

24 any questions that may affect individual members of the proposed Class.  These common

25
   questions included, but are not limited to:

26
27

28

**CLASS ACTION COMPLAINT**

a. Whether Defendant's statements and representations regarding the Area 51M R1 as alleged herein were false or misleading or reasonably likely to mislead consumers targeted and exposed to such statements;

b. Whether Defendant had no factual basis for making such claims before making them, and at what time they became aware that that their claims were false and misleading;

c. Whether Defendant's failure to disclose that the Area 51M R1 did not possess the "unprecedented upgradeability" they advertised it to have was material and would likely mislead a reasonable consumer;

d. Whether the Area 51M R1 performed as advertised in terms of its advertised upgradeable capabilities;

e. Whether Defendant were able to charge a price premium for the Area 51M R1s and the amount of such premium;

f. Whether Defendant entered into and breached express or implied agreements and warranties implied by law or by equity;

g. Whether Defendant engaged in unfair, unlawful, and/or deceptive business practices regarding the Area 51M R1 in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

h. Whether Defendant represented, through words or conduct, that the Area 51M R1 provided benefits that it did not have in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; and § 17500, *et seq.*, as well as the Consumer Legal Remedies Act; and

i.   Whether Plaintiff and the Class have been injured by the wrongs complained of herein, whether Plaintiffs and the Class are entitled to injunctive and/or equitable relief, including damages, restitution, disgorgement or other applicable remedies, and if so, the nature and amount of such relief.

50.   This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Plaintiff's claims are typical of the claims of the other members of the class and arise from the same course of conduct by Defendant.

51.   Plaintiff and the Class members are similarly affected by Defendant's false and misleading advertising campaign and, as a result, sustained damages due to Defendant's uniform wrongful conduct.

52.   Plaintiff's claims are based upon the same legal theories as those of the other Class members and the relief sought by Plaintiff is typical of the relief sought for the absent Class members.

53.   This action satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions involving consumer protection class action, and Plaintiff.

54.   Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses that are unique to Plaintiff.

55.   This action satisfies the requirements of Fed. R. Civ. P. 23(b)(1) as Plaintiff seeks class-wide adjudication as to all issues alleged herein, on grounds generally applicable to the Class.

56.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for fair and efficient adjudication of this controversy, given, among other things, that joinder of all parties is impracticable.

57.     The damages suffered by the individual members of the Class will likely be relatively small, particularly given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

58.     Even if members of the proposed Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract and Warranty**
**By Plaintiff and the Class Against Defendant**

59.     Plaintiff, individually and on behalf of the Class, incorporates by reference all the allegations set forth above.

60.     The written documentation included with the Area 51M R1 and in its advertising, Dell expressly stated and offered that the Area 51M R1 is upgradeable to yet to be released INTEL CPUs and NVIDIA GPUs, creating a reasonable expectation that these laptops' Core Components were indeed upgradeable, and that consumers would thus only have to pay the cost

- 15 -

of upgrading those parts, rather than buying an entire new laptop. Plaintiffs and the Class members accepted this offer and purchased the Area 51M R1. Dell, approximately one year after the release of the Area 51M R1, admitted that the laptop is in fact, not upgradeable to Intel's 10th generation CPU, nor is it upgradeable to NVIDIA's RTX SUPER 2000 series GPUs, and that consumers must purchase, at a significant premium, the Dell Alienware Area 51M R2 to have access to the new, upgraded, core component offering by INTEL and NVIDIA.

61.     Dell's statements as alleged herein that constitute an affirmative fact and/or promise, and a description of the Area 51M R1 stating that Core Components were indeed upgradeable. Dell's statements regarding the upgradability of the Area 51M R1 were material and part of the basis of the bargain.

62.     The express warranties and warranties implied by law and through Dell's advertising that highlighted the Area 51M R1's core characteristic of "unprecedented upgradeability" caused Plaintiff and Class to purchase these laptops.

63.      Area 51M R1 was to conform to the promises and representations made by Defendant, be merchantable and pass without objection in the trade and industry, and to perform consistent with the specified represented purposed of being upgradeable.

64.     As alleged herein, Defendant have breached these agreements and warranties and are unable or unwilling to honor such agreements and warranties.  Plaintiff and Class members thus are unable to receive the benefit of their bargain.

65.     As a result of this breach, Plaintiff and the Class have been injured, and are entitled to a laptop that conforms with Dell's original promises of upgradeability at no additional cost, other than the cost of a replacement CPU and GPU or be given the opportunity to return

**CLASS ACTION COMPLAINT**

their Area 51M R1s for repayment, or are entitled to damages to compensate then for the loss of the benefit of their bargain.

## SECOND CLAIM FOR RELIEF
**Violation of California Consumer Legal Remedies Act, Civil Code § 1750, et seq.**
**By Plaintiff and the Class Against Defendant**
**(California Subclass only)**

66.     Plaintiff, individually and on behalf of the California Subclass, re-alleges and incorporates by reference all paragraphs set forth above.

67.     Plaintiff and the California Subclass are consumers as defined by California's Consumer Legal Remedies Act ("CLRA").

68.     The Dell Alienware Area 51M R1 laptops are goods within the meaning of the CLRA.

69.     Dell violated Civil Code § 1770(a)(5) by representing that the Area 51M R1 had certain characteristics, uses, and benefits that it did not have.

70.     Dell violated Civil Code § 1770(a)(7) by representing that the Area 51M R1 was of a particular standard or quality when it fact it was not.

71.     Dell violated Civil Code § 1770(a)(9) by advertising goods or services with no intent to sell them as advertised.

72.     Plaintiff and the California Subclass relied on Dell's representations and omissions in deciding whether to purchase the Area 51M R1.

73.     As a direct and proximate result of Dell's conduct, Plaintiff and the California Subclass have suffered injury and damage in an amount to be determined at trial.

74.     At this time, Plaintiff disclaims damages under the CLRA, but seeks an order from this Court enjoining the conduct alleged herein.

75.     Plaintiff reserves the right to amend this Complaint and to assert a claim for damages pursuant to Civil Code § 1782.

**THIRD CLAIM FOR RELIEF**
**Violation of California Civil Code § 17200, et seq. - Unlawful and Unfair Business Practices**
**By Plaintiff and the Class Against Defendant**
**(California Subclass only)**

76.     Plaintiffs, individually and on behalf of the California Subclass, re-alleges and incorporates by reference all paragraphs set forth above.

77.     Plaintiff has standing to pursue this claim as Plaintiff has suffered an injury in fact and has lost money or property because of Defendant's actions, as alleged herein.

78.     Defendant's business practices, as alleged herein, are "unfair" business practices within the meaning of California Business and Professions Code § 17200, *et seq.*

79.     Defendant's practices, as alleged herein, are unfair because they offend established public policy, and are unethical, unscrupulous, immoral and substantially harmful to consumers.  Defendant's conduct is also unfair because its conduct violated legislatively enacted policies that prohibit false, misleading and or deceptive advertising.  Defendant misled consumers into believing that the Area 51M R1 was upgradeable to yet to be released INTEL CPUs and NVIDIA GPUs.

80.     As a result of Defendant's "unfair" business practices, Plaintiff and members of the California Subclass, relying on Defendant's statements regarding the upgradeability of the Area 51M R1, spent money to purchase the Area 51M R1 that they would not have otherwise spent had they known that these laptops were not upgradeable.

81.     Defendant's conduct, as alleged herein, further constitutes unlawful and unfair business practices in violation of Unlawful Competition Law ("UCL"), Business and Professions

Code § 17200, *et seq.*, in that the violations of CLRA also constitute unlawful and unfair business practices under the UCL.

82.     Defendant's conduct constitutes fraudulent business practices in violation of the UCL, Business and Professions Code § 17200, *et seq.*, in that said conduct was calculated to deceive, and did deceive a reasonable consumer.

83.     Plaintiff and the California Subclass seek an order for injunctive relief, and full disgorgement and restitution of all monies wrongfully obtained from Plaintiff and the California Subclass, and all other relief permitted under Business and Professions Code § 17200, *et seq.*

**FOURTH CLAIM FOR RELIEF**
**False Advertising**
**By Plaintiff and the Class Against Defendant**
**(California Subclass only)**

84.     Plaintiff, individual and on behalf of the California Subclass, re-alleges and incorporates by reference all paragraphs set forth above.

85.     Defendant, with the intent, directly or indirectly, to induce members of the public to purchase the Area 51M R1, made or caused to be made statements to the public in California that were untrue or misleading in violation of, Business and Professions Code § 17500, *et seq.*

86.     Plaintiff and the California Subclass seek an order for injunctive relief, and full disgorgement and restitution of all monies wrongfully obtained from Plaintiff and the California Subclass, and all other relief permitted under Business and Professions Code § 17500, *et seq.*

*//*

*//*

- 19 -

CLASS ACTION COMPLAINT

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff request of this Court the following relief, on behalf of himself and of the

3

Proposed Class:

4

        a.   An order certifying the proposed class pursuant to Rule 23 and appointing

5

            Plaintiff and his counsel to represent the class;

6

7

        b.   Appropriate injunctive and/or declaratory relief, including an order requiring

8

            Defendant to cease the conduct alleged herein;

9

        c.   Restitution;

10

        d.   Punitive Damages;

11

12

        e.   Attorneys' Fees and Costs of suit, including expert witness fees; and

13

        f.   Such other relief and further relief as the Court may deem appropriate.

14

**DEMAND FOR JURY TRIAL**

15

16

Plaintiff hereby demands a trial by jury on all triable claims.

17

18

                      Respectfully submitted,

19

20

Dated: June 1, 2021             HOCHFELSEN & KANI, LLP

21

22

                 By.    /s/ STEVEN I. HOCHFELSEN

23

                     Steven I. Hochfelsen

24

                     *Attorney for Plaintiff*
                     Robert Felter

25

26

27

28

**CLASS ACTION COMPLAINT**