STEVEN I. HOCHFELSEN, ESQ. (Bar No. 129491)
steve@hockani.com
DAVID W. KANI, ESQ. (Bar No. 243032)
dkani@hockani.com
**HOCHFELSEN & KANI, LLP**
895 Dove St., Suite 300
Newport Beach, California 92660
Telephone: (714) 907-0697

TIM GRANITZ, ESQ. (WI: 1088934)
Admitted *Pro Hac Vice*
tgranitz@mahanylaw.com
**MAHANY LAW**
8112 W. Bluemound Road, Suite 101
Milwaukee, Wisconsin 53213

Attorneys for Plaintiffs
ROBERT FELTER &
MICHAEL WASHINGTON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FELTER, and MICHAEL WASHINGTON on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> DELL TECHNOLOGIES, INC., a Texas Corporation, and DOES 1-10 inclusive, <br><br> Defendants. | Case No. 3:21-cv-04187-VC <br><br> **PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** <br><br> Assigned to:  Hon. Vince Chhabria |

I.      **INTRODUCTION**

The majority of Defendant's supplemental brief is simply a rehash of the issues previously briefed and argued at the prior hearing in this matter. Those issues will not be addressed herein, as they have already been addressed and argued.

The only matter addressed herein are the issues that arise from the revelation that Dell's stated policy was that a person who rejected the agreements set out in the laptop screen would have to pay a 15% restocking fee and shipping costs to do so. The sole issue addressed herein is whether the startup screen containing a reference to an arbitration clause, under these circumstances, can retroactively insert such a clause into the parties' agreement. Consumers like Mr. Washington purchased their laptops *without* an arbitration clause.

Then, *after the purchase*, they then saw the startup screen. However, the terms of the agreement state that the consumer cannot cancel and return the laptop without incurring shipping charges and a restocking fee. Thus, the consumer cannot simply rescind the contract because s/he does not agree to an arbitration clause, since the terms of the agreement state that the consumer in such circumstances would still be liable for shipping costs and a restocking fee[1].

The issue is whether these circumstances can retroactively insert an arbitration clause into the contract.

Dell's response is that the Court can ignore the language imposing shipping costs and restocking fees on the consumer, because as a matter of policy, it never enforced these terms. Assuming that this is true, and not merely a self-serving statement made to the Court without any evidentiary support, it is clear that the consumer was never informed of such a policy.

---

[1]     *See Cal Civ. Code, § 1691 (Westlaw 2022)*: "[T]o effect a rescission a party to the contract must . . . [r]estore to the other party everything of value which he has received from him under the contract. . . ."

## II. ARGUMENT

### A. The Imposition Of A 15% Restocking Fee And Shipping Charges To A Consumer Who Chooses to Reject The Arbitration Clause Prevents Rescission Of The Contract And Precludes Defendant From Retroactively Imposing The Arbitration Clause Into The Already Completed Contract.

This issue concerns specifically Mr. Washington, and those similarly situated to him. As the Court noted, because Mr. Washington purchased his laptop over the telephone, and based on his testimony, there was no contractual arbitration clause communicated to him prior to his purchase.

Consequently, the only question left is whether the existence of an arbitration clause seven screens below the "popup" screen that appeared on his computer when he turned it on for the first time could retroactively impose such a clause into his contract after his purchase.

As the Court noted, there is a significant difference between the situation here, where he would have to pay return shipping charges and a 15% restocking fee if he chose to reject the purchase at that time, and a situation where he could do so with no negative consequences.

Defendant argues that one cannot use a hypothetical to invalidate an arbitration clause. But this is not such a situation. Here, there is no arbitration clause – rather, Defendant is seeking to import one into the contract after the fact, and the law is that it cannot be done under these circumstances.

An arbitration clause presented to a party *after* a party enters into a contract cannot, by definition, be a part of the contract. *Norcia v. Samsung Telecommunications Am., LLC,* 845 F.3d 1279, 1283 (9th Cir. 2017). As was discussed at length in the moving documents (See *Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration*, Dkt. No. 33, page 8), following an extensive review of the relevant law, the court in *Norcia* held that a clause in a document

delivered to a party after entry into the contract is, at most, a warranty, and not a part of the contract:

> "Language in a written warranty agreement is 'contractual' in the sense that it creates binding, legal obligations on the seller, but a warranty does not impose binding obligations on the buyer."

*Norcia,* 845 F.3d at 1288 (citations omitted). This is consistent with the law on "clickwrap" and "browsewrap" agreements, which require an assent – either express or inferred – to the terms of the agreement *before* the purchase. See Nguyen v. Barnes & Noble Inc. (9th Cir. 2014) 763 F.3d 1171, 1176 (such an agreement requires actual notice to the consumer or affirmative acknowledgement of terms of use "before completing his online purchase").

Ultimately, the question becomes whether the purchase was "complete" at the time the product was paid for and delivered, or whether the purchase is not "complete" until after it is set up, turned on, and agreement is given to the startup screen. If, in fact, the purchase is not "complete" until the consumer agrees to the startup screen, then the consumer would be entitled to reject the startup screen's terms, return the laptop, and receive back everything that s/he paid for it.

That was not the case here. Consequently, the purchase was completed at the time the laptop was received, since the consumer would have to pay a cost to return the laptop. Although Dell tries to argue that *these* terms of its agreement should be ignored (while the arbitration term should not), there is no indication that consumers were ever informed that it had no intention of enforcing these contract terms.

Consequently, at the time of startup, the consumer was given a choice: accept the startup screen, along with its arbitration clause and other terms, or reject it and pay a penalty for doing so.

Consequently, the terms of the startup screen cannot be retroactively imported into the contract that was already complete. Rather, those terms are, at most, a warranty that is binding on Dell, but not on the consumer. *Norcia*, *supra*.

For this reason, and for all of the reasons previously briefed and discussed, this motion to compel arbitration should be denied, at least with regard to Mr. Washington and to those similarly situated to him.

### III.   CONCLUSION

For the reasons set forth above, and for all of the reasons previously briefed and discussed, this motion to compel arbitration should be denied, at least with regard to Mr. Washington and to those similarly situated to him.

Dated:  May 5, 2022                                           HOCHFELSEN & KANI, LLP


           /s  Steven I. Hochfelsen
Steven I. Hochfelsen (Bar No. 129491)
steve@hockani.com
David W. Kani (Bar No. 243032)
dkani@hockani.com
895 Dove St., Suite 300
Newport Beach, CA  92660
(714) 907-0697 Telephone


MAHANY LAW
Tim Granitz, Esq (WI: 1088934)
Admitted *Pro Hac Vice*
tgranitz@mahanylaw.com
8112 W. Bluemound Road, Ste. 101
Milwaukee, Wisconsin 53213

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing **PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane (Bar No. 149206)
molly.lane@morganlewis.com
Carla B. Oakley (Bar No. 130092)
carla.oakley@morganlewis.com
One Market Spear Street Tower
San Francisco, CA  94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

Sinéad O'Carroll (TX SBN 24013253)
(pro hac vice pending)
socarroll@reevesbrightwell.com
Manasi Rodgers (TX SBN 24090361)
(pro hac vice pending)
mrodgers@reevesbrightwell.com
REEVES & BRIGHTWELL LLP
3711 S. Mopac Expy., Bldg. 1, Ste. 500
Austin, TX  78746
(512) 334-4500 Telephone
(512) 334-4492 Facsimile

**ATTORNEYS FOR DEFENDANT
DELL TECHNOLOGIES INC.**